REDMANN, Judge,
concurring.
The judgment against Eureka should grant plaintiff the amount of money which the “Clarence or Louis” account should have in it but for the improper withdrawal, *349 However, since a majority cannot'agree to a money judgment as demanded, there results the lesser decree ordering Eureka to restore the funds to the “Clarence or Louis” account, whence Louis may withdraw them (subject, presumably, to any delay or other requirement that the original account terms would allow; see e. g., R.S. 6:807 and 808).
One’s signature authorizing a new joint account is not an equivalent of his signature on a withdrawal from an existing account. A contrary holding would facilitate theft by anyone who could obtain another’s consent to open a joint account. Thus X might obtain A’s signature on a card opening an “A or X” account on some pretext (e. g., X wants A to be able to withdraw X’s money in the event X is hospitalized); then X obtains A’s funds from A’s account by check payable to A; then X deposits the check to “A’s” A or X account and then X withdraws it.
(La.R.S. 10:4-205 [U.C.C. § 4-205], applicable to banks, makes “effective as the customer’s endorsement” “a statement placed on the item by the depositary bank to the effect that the item was deposited by a customer or credited to his account” [emphasis added]. An account in the name of the customer “or” another presumably is not “his” [the customer’s] account within § 4-205: it is their account, but not his. Perhaps most bank signature cards on “or” accounts expressly authorize either customer to endorse and deposit cheeks payable to the other. In any event, the logically prior issue in this appeal is the lack of authorization at the first step of withdrawal of the funds from the original account, rather than the last step of deposit of the unauthorized withdrawal’s check, effectively un-endorsed, into the second “or” account.)